UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN & EMMA DUNN,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF CONSUMER AFFAIR, et al.,<br><br>Defendants. | Case No. 1:25-cv-00777-SKO<br><br>FIRST SCREENING ORDER<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiffs Alana Dunn and Emma Dunn, proceeding pro se and *in forma pauperis*, filed a complaint on June 26, 2025. (Doc. 1 ("Compl.").) Upon reviewing the complaint, the Court concludes that it fails to state any cognizable claims.

Plaintiffs have the following options as to how to proceed. They may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiffs may file a statement with the Court stating that they want to stand on this complaint, and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. If Plaintiffs do not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

1

1 relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
2 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district
3 court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193
4 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines
5 that a complaint fails to state a claim, leave to amend may be granted to the extent that the
6 deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130
7 (9th Cir. 2000) (*en banc*).

8       In determining whether a complaint fails to state a claim, the Court uses the same pleading
9 standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and
10 plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.
11 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
12 a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556
13 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A
14 complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of
15 a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri*
16 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum
17 factual and legal basis for each claim that is sufficient to give each defendant fair notice of what
18 the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of*
19 *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

20       In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
21 as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94
22 (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true.  *Iqbal*, 556 U.S.
23 at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it
24 stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (quoting
25 *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

26       **II.**    **SUMMARY OF PLAINTIFFS' COMPLAINT**

27       Plaintiffs' handwritten complaint lists three defendants: "Department of Consumer Affair,
28

Architects," and "Mike De Alba et, al, Vincent Palacios et, al, Architects, Designer." (Compl. at 1.) After naming defendants, Plaintiffs listed four "Set Admins," which are "Fraudulent Use of a license," "Unlicensed Practice," "Penal Code, B California 602(i), 5536(a) 7027.3," and "Diversion of Construction Funds." (*Id.* at 2.)

The handwritten complaint next includes the following statements and factual allegations:

> I Alana Dunn, et al, File Complaint on 6/18/2025 Against <u>Mr. Mike DeAlba</u> Architect Practice and Vincent <u>Palacios</u> The Department Consumer Affair Fail to help this client! The Department did not get clarity in the violation under the Penal Code. Mr. Mike, Mr. Vince, Fraudulently such as attempting to obtain a permit, or contract with us, "they" Mike Vince without a valid license, is a serious crim under business and Professions Code 7027.3. On the date October 10, 2021 I Alana Dunn, deposit in the of $8,500. = For construction, purpose, such as paying for services, labor, materials for equipment to others uses.
>
> I Alana Dunn, purchase a Florida Blue Print of a 2-sotry Home 4/bedroom 2 bath – He picture the home 4/2 to re-build on the same slab and go up and Remove the shaded moving the Right out more and the back Room out more. it was just needed A Architect that knows construction and Put stairs, going up-to the Bedroom! I will paid permit to Demo. I paid planning Dept. 2,210. = Demo 1,400 inspection Dept Public Work 600: For Permit never got one, Mike, Vince unliencse, in valid liense.
>
> On this Day October 10, 2021 He record the payment For A Deposit all documents was on his computer and the change the Blueprint to California Code… I purchase A Blueprint to make 2 story Home.
>
> The Defendant's violation of the Act. Furthermore I request for A other Analyst Jasmine Steinwert cancel this employee. I Alana Dunn would like a new Analyst.

(*Id.* at 2–4.) Plaintiffs then include citations to:

> "Penal Codes – B – California – Architects – Board – CA – gov. penal codes section 602(1) Trespassing (2) disciplinary action
>
> Unlicensed Practice and MisRepresentation individual or firms practicing Architecture without a license or holding themselves out as license architects are in violation of business and Professions Code Section 5536(a)
>
> Fraudulent Use of a license: using a contractor's license number fraudulently, such as attempting to obtain a permit or contact without a valid license, is a serious crime under Business and Professions Code 7027.3
>
> Diversion of Construction Funds: Penal Code 484(b) makes it a crime to divert money intended for construction purpose such as paying for services, labor materials or equipment to others uses
>
> Filing False Documents Penal Codes 115 PC makes it a felony to knowingly "no license" file a False or Forged document with a California government office
>
> Fraud and Deceit in Practice; Licensed architects can face disciplinary Action,

including license suspension or revocation if they are found guilty of Fraud or deceit in their practice according to Business and Professions Code Section 5583

(*Id*. at 4–6.) Plaintiffs conclude with the statement "I Alana Dunn, et a, I believe I have been a victim of are facing . . A Fraud CASE." (*Id.* at 8.) Plaintiffs do not request any specific relief.

### III.   DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiffs shall be provided with the legal standards that appear to apply to their claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

#### A.   Jurisdiction

Plaintiffs fail to allege a basis for federal jurisdiction. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are, therefore, presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A complaint that lacks a basis for federal-court subject-matter jurisdiction is subject to dismissal." *Spitters v. Miceli*, No. 18-CV-04917-LB, 2018 WL 6816110, at *3 (N.D. Cal. Sept. 24, 2018), *report and recommendation adopted*, No. 18-04917 WHA, 2018 WL 6822626 (N.D. Cal. Oct. 15, 2018).

#### B.   Rule 8

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiffs' complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that they are entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiffs are required to give fair notice to the defendants of the basis of their claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests.

*Twombly*, 550 U.S. at 555.  A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiffs' complaint falls short of the requirements of Rule 8.  First, the complaint does not make clear what rights Plaintiffs seek to vindicate.  To the extent Plaintiffs intend to bring claims under the criminal statutes listed in the complaint, such claims are also not cognizable.  Plaintiffs have provided no authority for a private right of action under the criminal statutes, and they generally do not confer such a right.  See *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code . . . do not create enforceable individual rights"); *Wilson v. Mule Creek State Prison*, No. 2:24-CV-2354 CSK P, 2024 WL 4289852, at *3 (E.D. Cal. Sept. 25, 2024) ("The sections of the California Business and Professions Code cited by plaintiff do not provide for private causes of actions.").

Second, there are no discernable factual allegations in the complaint that identify the basis of the claim(s).  It appears that Plaintiffs' claim bears some relationship to an alleged fraud related to a transaction with purported architects, (*see* Compl. at 2–8), but not much else is clear.  Plaintiffs also allege no facts related to Emma Dunn, let alone enough facts that would entitle her to relief.  Plaintiffs' statement of their claims is difficult to understand, and in any event does not allege any specific facts giving rise to liability by the named defendants.  In sum, it is unclear how the alleged conduct by the defendants establishes the claims that Plaintiffs purport to bring against them.  "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In sum, Plaintiffs have failed to plead a short and plain statement of the claim showing that they are entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).

**C.     Legal Standards**

In light of the deficiencies identified, the Court will grant Plaintiffs leave to amend their complaint to allege a valid basis for federal jurisdiction and to set forth their claims more clearly.

If Plaintiffs elect to amend their complaint, they must (1) properly allege a basis for federal jurisdiction and (2) state the legal basis for the claim, identifying how the facts alleged support and show that the defendants committed the violation asserted as the legal basis for the claims. *See* Fed. R. Civ. P. 8(a). Simply listing the parties and providing unclear recitations of legal terms is not sufficient.

Further, in the event Plaintiffs amend their complaint, the Court provides the following legal standards that may be relevant to their action:

1. <u>Federal Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *Sumner*, 226 F.3d at 1009. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: (1) "citizens of different States;" (2) "citizens of a State and citizens or subjects of a foreign state;" (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties;" and (4) "a foreign state . . . as plaintiff and citizens

of a State or of different States."

The complaint does not provide a basis for federal jurisdiction. If Plaintiffs elect to amend their complaint, they must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

**D.     Leave to Amend**

The Court has screened Plaintiffs' complaint and finds that it fails to establish federal jurisdiction and fails to state any cognizable claims. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiffs with time to file an amended complaint so they can set forth a basis for subject matter jurisdiction and specify their claims with additional factual allegations. *Lopez*, 203 F.3d at 1130.

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiffs are further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiffs have been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs have a choice on how to proceed. Plaintiffs may file an amended complaint as

described above, which will be screened in due course. Alternatively, Plaintiffs may choose to stand on their complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiffs may file a notice of voluntary dismissal.

## IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiffs shall either:

    a. File a First Amended Complaint;

    b. Notify the Court in writing that they want to stand on the current complaint; or

    c. File a notice of voluntary dismissal.

2. If Plaintiffs chooses to file an amended complaint, Plaintiffs shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-00777-SKO.

3. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **July 18, 2025**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE