UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN & EMMA DUNN,<br><br>            Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF CONSUMER AFFAIR, et al.,<br><br>            Defendants. | Case No.  1:25-cv-00777-SKO<br><br>FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 9)<br><br>TWENTY-ONE DAY DEADLINE<br><br><u>Clerk to Assign District Judge</u> |

Plaintiffs Emma and Alana Dunn, proceeding pro se and *in forma pauperis* in this action, (*see* Doc. 5), filed a civil complaint on June 26, 2025, (Doc. 1).  On July 21, 2025, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiffs thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order.  (Doc. 7.)  Plaintiffs filed a first amended complaint on July 28, 2025, (Doc. 9), which is now before the Court for screening.

After screening Plaintiffs' amended complaint, the Court finds that despite the explicit recitation of the deficiency of the original complaint, Plaintiff has still not stated a claim.  Accordingly, the Court RECOMMENDS that Plaintiff's amended complaint be DISMISSED without further leave to amend.

**I.      SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune

1

from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    DISCUSSION

### A.    Plaintiff's Allegations

Although difficult to discern, the handwritten amended complaint appears to allege that (1) an architect was unlicensed at the time they transacted with the Plaintiffs, (Doc. 9 at 1–3); and that (2) Plaintiffs are entitled to various tax benefits, (*id*. at 7–9). Plaintiffs also include the following allegations: "men took picture of my livening to tell other the clothes on the prepare to wash, disable kids running around, changing diaper, picture were taken to gossip my livening," (*id*. at 6), and that an unspecified person "stole my my money . . And they were not Friendly rude, unkind . . cashier; language barrier; international worker; communication between people who are unable to speek [sic] a common language," (*id*. at 7.) The complaint also describes the role of the California Architects Board, (*id*. at 4–5) and various facts about "reasons for covering over asbestos dry wall," (*id*. at 6).

### B.    Plaintiff's Complaint Does Not Comply with Rule 8

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' complaint violates Rule 8 because it does not contain a short and plain statement of the claims demonstrating that they are entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiffs are required to give fair notice to the defendants of the basis of their claims and must allege facts that support the elements of the claims plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A complaint is also required to contain sufficient factual content for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiffs' complaint falls short of the requirements of Rule 8 in several ways. First, the complaint again does not make clear what rights Plaintiffs seek to vindicate. Second, there are no discernable factual allegations in the complaint that identify the basis of the claim(s). It appears that Plaintiffs' claim bears some relationship to an alleged fraud related to a transaction with purported architects, (*see* Doc. 9 at 7), but not much else is clear. Plaintiffs also allege no facts related to Emma Dunn, let alone enough facts that would entitle her to relief. Plaintiffs' statement of their claims is difficult to understand and does not allege any specific facts giving rise to liability by the named defendants. In short, it is unclear how the alleged conduct by the defendants establishes the claims that Plaintiffs purport to bring against them. "It is Plaintiff's duty to articulate [their] claim[s]—neither the Court nor the defendants are required to try to decipher what claims Plaintiff is asserting in the action." *Zavala v. Regiosa*, No. 1:21-cv-01631-NONE-SKO, 2022 WL 428158, at *2 (E.D. Cal. Feb. 11, 2022).

In sum, Plaintiffs have failed to plead a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2)

C.  **Leave to Amend**

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the

3

allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. The undersigned finds that a second amendment of the complaint would be futile because Plaintiffs have repeatedly demonstrated that they are unable to marshal facts sufficient to plead a federal statute or constitutional doctrine that gives rise to their claims. Accordingly, undersigned recommends that the amended complaint be dismissed without further leave to amend.

### III. ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice and without leave to amend. The Clerk of Court is DIRECTED to assign a District Judge to this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiffs may file written objections with the Court. The documents should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2025**                    /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE