UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF CONSUMER AFFAIR, et al., <br><br> Defendants. | Case No.: 1:25-cv-0777 JLT SKO <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, DENYING PLAINTIFFS' REQUEST TO AMEND, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE <br><br> (Docs. 11, 12, 13) |

Alana Dunn and Emma Dunn seek to hold the defendants liable for wrongful acts related to a transaction with an unlicensed architect, various tax benefits, breach of privacy related to photos taken in their living space, theft of funds, a language barrier, and rude actions. (*See* Doc. 9.) The magistrate judge screened the amended compliant pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiffs failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state any cognizable claim. (Doc. 11.) Specifically, the magistrate judge determined Plaintiffs do "not allege any specific facts giving rise to liability by the named defendants," and it was "unclear how the alleged conduct by the defendants establishes the claims that Plaintiffs purport to bring against them." (*Id.* at 3.) Because the Court previously provided the relevant pleading standards and Plaintiffs failed to state a cognizable claim or identify "a federal statute or constitutional doctrine that gives rise to their claims," the magistrate judge found further leave to amend would be futile. (*Id.* at 4.) Therefore, the magistrate judge recommended dismissal "without prejudice and without leave to amend." (*Id.*)

1

The Court served the Findings and Recommendations on Plaintiffs and notified them that any objections were due within 21 days. (Doc. 11 at 4.) The Court advised Plaintiffs that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiffs did not file objections, and the time to do so has passed. However, Plaintiffs lodged a second amended complaint on August 5, 2025, and followed by a second document that the Court construes to be a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. (Docs. 12, 13.)

In the SAC, Plaintiffs state: "You ask what is my complaint: penal code—no 1icense penal code collapse license; re-fraud on a license. Need to retake the license as a contractor." (Doc. 12 at 5.) Plaintiffs cite to several provisions of the California Penal Code and the California Business & Profession Code. (*Id.* at 6-7.) Importantly, it does not appear there is a private right of action under the identified provisions of state law, let alone claims that would invoke this Court's jurisdiction. *See Cleveland v. Xiong*, 2023 WL 2354817, at *5 (E.D. Mar. 3, 2023) ("Generally, the California Penal Code does not permit a private right of action"), *adopted* 2023 WL 4352629 (E.D. Cal. July 5, 2023); *see also Wilson v. Mule Creek State Prison*, 2024 WL 4289852, at *3 (E.D. Sept. 25, 2024) (noting that sections of the Cal. Business and Profession Code do not provide private causes of action). Plaintiffs next invoke Section 2255 of the United States Code (Doc. 12 at 7-9), but Plaintiffs are not in custody and did not file a petition for writ of habeas corpus. Finally, Plaintiffs also indicate their claims "might be cognizable under the Federal Tort Claims Act." (*Id.* at 10.) However, there are no allegations to support such a claim, let alone for the Court to conclude Plaintiffs complied with the pre-filing requirements to state a claim under the FTCA. Consequently, the Court's review of the lodged SAC shows that Plaintiffs do not state a cognizable claim, and they do not cure the deficiencies identified by the magistrate judge. To the extent Plaintiffs seek leave for their SAC to be filed under Rule 15 of the Federal Rules of Civil Procedure (Doc. 13), the motion is denied because the amendment is futile.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the lodged SAC, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Plaintiffs fail to state a cognizable claim, and review of the lodged amended pleading confirms that further amendment would be futile.

*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 29, 2025 (Doc. 11) are **ADOPTED** in full.
2. Plaintiffs' amended complaint is **DISMISSED** without leave to amend.
3. Plaintiffs' construed motion to amend (Doc. 13) is **DENIED**.
4. The action is **DISMISSED** without prejudice for failure to state a claim.
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 21, 2025**

UNITED STATES DISTRICT JUDGE

3